## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ) | |
| **ANTHONY MORRISON,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| **v.** ) | **Civil Action No.  04-2192 (RMC)** |
| ) | |
| **U.S. PAROLE COMMISSION, et al.,** ) | |
| ) | |
| **Respondents.** ) | |
| ) | |

### MEMORANDUM OPINION

Petitioner was convicted under the District of Columbia Code and is serving a parole

violator term.  He has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241,

challenging the actions of the United States Parole Commission ("Parole Commission").[1]  Since the

record demonstrates that the Parole Commission correctly applied the law and did not violate

Petitioner's constitutional rights, the petition for a writ of habeas corpus is denied.

### BACKGROUND

On July 1, 2002, in the Superior Court of the District of Columbia, Petitioner's

probationary terms for the offenses of attempted distribution of cocaine and escape were revoked and

he was sentenced to an aggregate of four years and six months imprisonment.  Parole Comm'n Opp.

to Pet. for Writ of Habeas Corpus, Ex. B.  On March 26, 2004, Petitioner was released on parole by

the Parole Commission, with a full-term date of December 17, 2005.  *Id.*, Ex. C at 1.

---

[1] Petitioner also named as a respondent the District of Columbia Department of Corrections. The District of Columbia does not have authority over petitioner's parole matters.  That authority has been transferred to the Parole Commission. *See* D.C. Code § 24-131(2006).  For this reason, the Court has discharged the order to show cause issued to the Department of Corrections.

On July 18, 2004, Petitioner's Community Supervision Officer ("CSO") requested that the Parole Commission issue an arrest warrant based on Petitioner's violations of his parole. *Id.*, Ex. C.  The CSO alleged that Petitioner (1) failed to report as directed; (2) failed to report for drug testing; and (3) illegally used a narcotic drug.  *Id.,* Ex. C at 2.  Following Petitioner's arrest on the parole violator warrant, the Parole Commission held a probable cause hearing on October 15, 2004.  *Id.*, Ex. D at 1.  Based on Petitioner's admissions to the three violations, the hearing examiner found probable cause to believe Petitioner had violated his conditions of parole.  *Id.*, Ex. D at 4.

On November 16, 2004, the Parole Commission offered Petitioner, through his counsel, an expedited revocation determination.  *Id.*, Ex. E at 1.  Under the proposal, Petitioner would waive an in-person revocation hearing, accept responsibility for the parole violations, and the Parole Commission would provide a specific release date.  *Id.*, Ex. E at 1.  The Parole Commission offered to reparole Petitioner after he served 12 months of imprisonment.  *Id.*, Ex. E at 2.  Petitioner accepted the terms of this offer on November 26, 2004.  *Id.*, Ex. F.  Consistent with this agreement, the Parole Commission issued a Notice of Action on December 2, 2004, revoking Petitioner's parole, forfeiting the time he had spent on parole, and ordering his reparole on October 11, 2005, after the service of 12 months.  *Id.*, Ex. G at 1.  Petitioner's full-term expiration date is July 4, 2006.  *Id.*, Ex. A at 2.  Petitioner served his parole violator term at the Federal Correctional Institution in McKean, Pennsylvania.  *Id.*, Ex. A at 1.  On April 7, 2006, petitioner was released from custody.  *See* Federal Bureau of Prisons, www.bop.gov.[2]

---

[2] Petitioner's release does not render his habeas petition moot.  Petitioner is still on parole and, should he prevail on some of the issues raised in this action, his parole term could be shortened or vacated.

**DISCUSSION**

Petitioner claims he should be granted habeas relief because (1) the Parole Commission is not an Article III court yet exercises judicial power, in violation of the separation of powers doctrine; (2) the Parole Commission lacks jurisdiction over D.C. Code offenders because the Parole Commission was abolished by the provisions of the Sentencing Reform Act of 1984; and (3) forfeiture of his street time by the "Noble Act" violated the Ex Post Facto Clause.

The Parole Commission has no authority to impose a prison sentence upon conviction of a crime; this authority rests with the Superior Court of the District of Columbia. *See* D.C. Code § 11-923(b) (2006) (granting jurisdiction to Superior Court over any criminal case under District of Columbia law). Rather, the Parole Commission has full authority to grant, deny, or revoke a District of Columbia offender's parole, and to impose or modify conditions upon an order of parole. *See* D.C. Code § 24-131(a)(2006). If a parolee allegedly has violated conditions of his release, the Parole Commission is authorized to "[i]ssue a warrant for the apprehension and return of the offender to custody." 28 C.F.R. § 2.98(a)(2)(2006). The Parole Commission does not exercise a judicial function and its decisions do not violate the separation of powers. *Geraghty v. U.S. Parole Comm'n*, 719 F.2d 1199, 1211-12 (3rd Cir. 1983) ("[S]entencing is not inherently or exclusively a judicial function."); *Artez v. Mulcrone*, 673 F.2d 1169, 1170 (10th Cir. 1982) ("In granting or denying parole, the Parole Commission does not modify a trial court's sentence, but merely determines whether the individual will serve the sentence inside or outside the prison walls."); *Page v. U.S. Parole Comm'n*, 651 F.2d 1083, 1085 (5th Cir. 1981) ("Clearly, the power to grant or deny parole has been vested by Congress in the Commission. This does not infringe upon the judiciary in any fashion.").

Petitioner's claim that the Parole Commission has been abolished is also without merit. On September 29, 2005, Congress extended the existence of the Parole Commission through October 31, 2008. *See* United States Parole Commission Extension and Sentencing Commission Authority Act of 2005, Pub. L. No. 109-76, 119 Stat. 2035; *see also Feist v. Schultz*, 2006 WL 657003 at *3 (E.D. Cal. March 13, 2006).

Petitioner also contends that the forfeiture of his street time by the Parole Commission violated the *ex post facto* clause of the Constitution and extended his sentence beyond the maximum under the law. The Parole Commission revoked petitioner's parole and forfeited his street time pursuant to *United States Parole Commission v. Noble*, 693 A.2d 1084 (D.C. 1997). Petitioner alleges the Parole Commissioner's action violates his constitutional rights.

In *Noble*, the District of Columbia Court of Appeals held that D.C. Code § 24-206(a), enacted in 1932 and providing for loss of street time upon parole revocation was not repealed by D.C. Code § 24-431(a), enacted in 1987. *Id.* at 1094 ("The more recent one, D.C. Code § 24-431(a), provides that '*every person*' shall be given credit toward service of required imprisonment 'for time spent in custody *or on parole*.' . . . The older statute, D.C. Code § 24-206(a), provides that if parole is revoked, the '*time a prisoner was on parole shall not be taken into account* to diminish the time for which he [or she] was sentenced.'") (emphasis and alteration in original). In a subsequent decision, the D.C. Court of Appeals ruled that *Noble* was retroactive and therefore applied to persons who committed their offenses before the issuance of the *Noble* decision. *Davis v. Moore*, 772 A.2d 204, 215 (D.C. 2001).

The forfeiture of street time under *Noble* has consistently withstood constitutional challenge. *See, e,g., Sanders v. United States Parole Comm'n*, 2006 WL 473786 at *5 (D.D.C. Feb. 28, 2006); *McQueen v. United States Parole Comm'n*, 2005 WL 913151, at *2 (D.D.C, Apr. 19,

4

2005); *Simmons v. United States Parole Comm'n*, 2005 WL 758268, at *1-2 (D.D.C. Apr. 1, 2005);

*Wade v. Figueroa,* 2005 WL 607974, at *2 (D.D.C. Mar. 15, 2005).  Petitioner's claim provides no

basis for revisiting these decisions.[3]

### CONCLUSION

The Parole Commission did not violate petitioner's constitutional rights when it

revoked his parole and has not miscalculated the length of his parole term.  Therefore, the petition

for a writ of habeas corpus will be denied.  A separate order accompanies this Memorandum

Opinion.


Date: April 25, 2006                                                    /s/

                                                      ROSEMARY M. COLLYER

                                                      United States District Judge

---

[3] Petitioner's argument that his detention prior to his revocation hearing was unlawful is moot because Petitioner admitted to the parole violation charges and has been released from custody on the parole revocation sentence.